## Mutt Holcomb v. The State.

### No. 7671. Decided May 30, 1923.

### Rehearing Denied June 20, 1923.

**1.—Unlawful Assemblage—Bills of Exceptions—Extending Filing.**

Where the trial judge made an order attempting to extend the time allowed for filing bills of exceptions when the time allowed by law had expired, the same cannot be considered on appeal. Following Griffin v. State, 59 Texas Crim. Rep., 424.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of an unlawful assemblage, the evidence sustained the conviction, the judgment below must be affirmed.

**3.—Same—Rehearing—Rule Stated.**

The rule in misdemeanors is that the accused may be convicted under more than one count if separate offenses be charged, and the contention that it is impossible under the indictment and the verdict to tell of which count defendant was found guilty, is untenable and not reversible error.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of an unlawful assemblage; penalty, a fine of five hundred dollars.

The opinion states the case.

*Buel R. Wood,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court at law of Wichita County of a violation of Article 435 of our Penal Code which forbids the unlawful assemblage of three or more persons if for certain purposes, and his punishment fixed at a fine of $500.

There is but one bill of exceptions in the record. The trial term of the court below adjourned on December 2, 1922. Under the terms of Article 845 of our Code of Criminal Procedure the accused if convicted had thirty days after the adjournment of the trial term in which to file his bills of exception. After the expiration of thirty days from the adjournment of the trial term of the court below, on January 4, 1923, the judge of said court made an order attempting to extend the time allowed for filing bills of exception. The time allowed by law having expired, as said by the lamented Judge Davidson, in Griffin v. State, 59 Tex. Cr. Rep., 424, there was nothing to

extend. The attempted action of the learned trial judge was without authority of law. The bill of exceptions mentioned was filed January 30, 1923, and can not be considered by us because filed too late.

The only question for our consideration is the sufficiency of the evidence to support the conviction, there being no attack upon the indictment and no exceptions taken to the charge of the trial court. We have carefully reviewed the evidence which seems overwhelmingly to support the proposition that appellant and more than three others on the night in question attempted to take a negro from the custody of certain officers for the announced purpose of whipping him. This would be a violation of the terms of said article, and we are, therefore, compelled to hold the evidence sufficient to support the verdict.

An affirmance will be ordered.

*Affirmed.*

ON REHEARING.

June 20, 1923.

LATTIMORE, JUDGE.—Appellant urges a rehearing upon the proposition that the indictment herein contained two counts and that there was a general verdict of guilty, and it is insisted that it is impossible for him to tell of which count he was found guilty. In misdemeanor cases it is not held necessary where the offense charged in each count is the same, it being evident that the efforts of the pleader was but to present two ways of committing the same offense, to specify upon which count the verdict was predicated. The rule seems to be in misdemeanor cases that the accused may be convicted, under more than one count if separate offenses be charged.

The motion for hehearing will be overruled.

*Overruled.*